STATE OF CONNECTICUT *v.* RICHARD L. EVELEIGH

Decided August 15, 1958

*Richard L. Eveleigh,* the defendant, pro se.

*Allyn L. Brown, Jr.,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty-eight, passed a series of seven bad checks during the period June 20, 1952, through July 4, 1952. On one of the checks he signed the name of "Henry McLean," while on the others he signed his own name. The amounts of the checks varied from $25 to $310.

On September 16, 1952, the defendant entered a plea of guilty to seven counts of a criminal information. On the first count, charging him with uttering forged checks, he was ordered confined in prison for a term of not less than one year and not more than five years. He was also sentenced to prison for one year on each of the second, third, fourth, fifth and sixth counts. On the seventh count the defendant was given thirty days in jail, execution of sentence suspended. As a result of the sentences the defendant is in prison for a term of not less than one year and not more than ten years.

When the defendant was sentenced to state prison the court had before it the defendant's criminal record as follows:

June 29, 1939—New York City—fugitive—no record of disposition.

July 1, 1939—Washington, D.C.—false pretenses—September 8, 1939, probation—from September 8, 1939, to September 7, 1941.

October 23, 1941—Municipal Court—Bridgeport—passing worthless checks—nolled.

October 23, 1941—Municipal Court—Hartford—passing worthless checks—nolled.

March 29, 1947—Municipal Court—Bridgeport—passing bad checks—three months suspended—probation six months.

June 3, 1949—Manchester, N.H.—false pretenses —held under $1000 bail for Rockingham County Superior Court—released.

June 23, 1949—Boston, Mass.—larceny by check —three months, house of correction, on each count (concurrently).

May 31, 1949—Exeter, N.H.—false pretenses— $1000 bond—June 23, 1949, plea of guilty—case continued.

July 20, 1950—Philadelphia, Pa.—worthless check —discharged July 24, 1950.

July 27, 1950—New York, N.Y.—worthless checks —convicted in General Session Court.

While the defendant was serving the sentence imposed in the instant case, the board of parole released him twice and on both occasions he was returned to prison for violation of parole.

When this defendant is released from prison again, it is his desire that he be released without being subjected to any portion of an unserved prison sentence. He gave as a reason for making this request his belief that he can fully rehabilitate himself if he is free from control of the board of parole. Therefore, in this proceeding he seeks to have his maximum sentence substantially reduced.

The defendant had the benefit of a good education, and opportunities were afforded him to have successful and steady employment. He is a cum laude graduate of an eastern college. He has been employed with the government. He was a private tutor and an instructor at a university. One of the factors which caused this defendant to become involved in fraudulent actions was his inability to control the use of liquor. Before imposing sentence, the judge stated: "I have learned by bitter experience that

if you turn these men out simply on their assurance that they are going to try, it doesn't mean much. This man has a criminal record. It covers two whole pages, and I am not willing to assume the responsibility of turning him out now and having him start drinking, and defrauding other people out of money."

It would have been reasonable for the sentencing judge to conclude that the past history of drinking and financial irresponsibility required control and supervision, and that upon being returned to the community, he should have required an extended period of parole supervision.

The record indicates that this defendant has served his minimum sentence. In the light of his past record and his behavior while on parole, we conclude that the question as to when he should be released from prison should not be determined by this court. How much more of the maximum sentence he should serve has become a function of the board of parole.

The sentence imposed in this case should stand.

Thim, Ryan and Pastore, Js., participated in this decision.